UNITED STATES DISTRICT COURT
District of Connecticut

Page 1

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | CASE NO. *3:03CR158 (AWT)*<br>USM NO: *15074-014* |
| ABRAHAM DABACH | *Anastasia Enos King*<br>Assistant United States Attorney |
| | *John M. Andreini, Esquire*<br>Defendant's Attorney |

**THE DEFENDANT** pleaded guilty to <u>count one of an information</u>. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18:472 | Passing counterfeit obligations | March 4, 2003 | one |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court concluded that a "Guidelines sentence," as opposed to a "non-Guidelines sentence," see <u>United States v. Crosby</u>, 397 F.3d 103, 112 n.6 (2d Cir. 2005), was appropriate in this case.

**IMPRISONMENT**

The defendant is hereby sentenced to time served. The court departed downward pursuant to Guidelines Section 5H1.6 because of the absence of an individual who could step in during any period of incarceration of the defendant to assist with caring and providing for the defendant's son, who has a special condition which has required that, since 2001, he see a counselor on a weekly schedule and take medication. The court concluded that the defendant's wife, from whom he is separated but not at this time divorced, is particularly unable to serve the child's needs because of her own very serious health problem (i.e., a recent recurrence of cancer), her own emotional condition, and her degree of detachment from the child; the wife's living situation also poses an impediment. The court also concluded that the defendant's sister was not suitable to provide appropriate care and that neither the defendant nor his wife have financial resources to make any other arrangements for the provision of such care. Also, the defendant demonstrated a record of being the individual who effectively intervenes and assists his son in relating to others in situations that are difficult because of the son's condition. Finally, the court concluded that any period of incarceration for the defendant would come at a time when his son is making progress and that the risk of a setback as a result of removal of the defendant from his son's life at this time is significant. The court concluded that, under these circumstances, a departure of three offense levels was appropriate and reasonable.

**SUPERVISED RELEASE**

The defendant shall be on supervised release for a total term of three years. The mandatory and standard conditions of supervised release, as attached, are imposed. In addition, the following special conditions are imposed:

    1. The defendant shall serve the first eight months of supervised release on home confinement with electronic monitoring. The defendant shall pay $40 per month of the costs of electronic monitoring and make all necessary provisions for the appropriate installation and operation of electronic monitoring. The defendant shall comply with all conditions of electronic monitoring.

    2. The defendant shall timely pay each installment of the $2000 fine being imposed in this case, during his period of supervised release, at the rate of $60.00 per month, with payments due on the 25th day of each calendar month, commencing in July 2006.

    3.    The defendant shall participate in a substance abuse treatment program, which may be either inpatient or outpatient, and shall include random testing; and the details as to the selection and schedule of the program shall be approved by the U.S. Probation Office.  The defendant shall pay all or part of the costs associated with substance abuse treatment, based on the defendant's ability to pay, as approved by the U.S. Probation Office.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows.

**Special Assessment:**     $   100.00, due immediately
**Fine:**                             $2,000.00, in installments as set forth above
**Restitution:**                  $       0.00

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**June 27, 2006**
Date of Imposition of Sentence

_____
Alvin W. Thompson
United States District Judge
Date:

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By _____
Deputy Marshal

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE _____*
*Kevin F. Rowe, Clerk*
*BY: _____*
    *Deputy Clerk*

# CONDITIONS OF SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ■ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ■ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ■ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and/or (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1) The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
(2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
(4) The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
(6) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10) The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
(13) The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
(14) The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed) _____    _____
**Defendant**                                 **Date**


_____    _____
**U.S. Probation Officer/Designated Witness**    **Date**